UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
                                           :

OLEG PODKOLZIN and                        :
IRINA PODKOLZIN,                          :
                                           :       **<u>MEMORANDUM & ORDER</u>**
                    Plaintiffs,   :
                                           :       08-CV-3210 (DLI)(JMA)
            -against-                           :
                                           :
AMBOY BUS CO., INC. and VINCENT    :
PALADINO,                                    :
                                           :
                    Defendants.  :
------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

      This personal-injury matter is before the court by the June 19, 2008 order of the United States Bankruptcy Court for the Southern District of New York, permitting plaintiff Oleg Podkolzin to remove the case from the Supreme Court of the State of New York, County of Kings ("Kings County Supreme Court") to the United States District Court for the Eastern District of New York. This case is related to a bankruptcy pending in the Southern District of New York in so far that defendant Amboy Bus Co., Inc. ("Amboy"), together with its affiliated companies (collectively "Metro Affiliates"), filed for Chapter 11 protection there. Plaintiffs Oleg and Irina Podkolzin move to remand their case back to the Kings County Supreme Court. For the reasons set forth below, plaintiffs' motion is denied.

    **I.**    **Background**

      On June 18, 2001, plaintiff Oleg Podkolzin was involved in an automobile collision with a school bus owned and operated by defendants. The collision occurred in Kings County, New York, and all parties are residents of New York. Plaintiffs commenced an action to recover damages for personal injuries and loss of services in the Kings County Supreme Court on or

about January 16, 2002. On or about August 16, 2002, Amboy filed for Chapter 11 protection in the United States Bankruptcy Court for the Southern District of New York. By order of March 27, 2003, that court granted a motion by the debtors to modify the automatic bankruptcy stay so that personal-injury and property-damage suits against them could be handled through the Claims Process Program ("CPP"). This program provides alternative-dispute-resolution ("ADR") measures intended to expedite the resolution of claims against the debtors. In addition, by using the program, the plaintiffs could recover their damages in full despite the bankruptcy.

The bankruptcy court appointed Security Insurance Company of Hartford and Fire and Casualty Insurance Company of Connecticut ("Royal Sun Insurers") to administer the CPP.[1] Royal Sun Insurers are responsible for paying all recoveries. Under the program, if ADR does not resolve the dispute, the plaintiff has a right to "pursue such Disputed Claim in the Bankruptcy Court in accordance with 28 U.S.C. § 157(b)(5)[[2]] and the Federal Rules of Civil Procedure." (Pls.' Mot. to Remand ("Doc. 4"), Ex. C at 6 ¶ d.) Once the plaintiff exercises this right, the "Bankruptcy Court shall determine the Court in which the Disputed Claim shall be decided[, and] [t]he Disputed Claim shall be prosecuted in the court determined by the Bankruptcy Court." (*Id*.)

Plaintiffs submitted their claims to the CPP. After evaluating their submissions, Royal Sun Insurers denied their claims. Plaintiffs then submitted their claims for mediation pursuant to the program. When mediation failed, plaintiffs, in accordance with Paragraph d. of the CPP, requested the bankruptcy court to allow them to proceed with trial in the Kings County Supreme

---

[1] Royal Sun Insurers issued automobile-liability insurance policies to Amboy from December 31, 1999 to June 30, 2001.

[2] Section 157(b)(5) states:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Court.  On March 13, 2008, the bankruptcy court held a hearing on this question, but instead of deciding the issue, it transferred the case to the district court to decide.  (*Id*., Ex. D. at 26:10-18.)  On June 19, 2008, the bankruptcy court entered an order, pursuant to § 362(d) of the Bankruptcy Code, Section 157(b)(5), and Paragraph d. of the CPP, permitting either plaintiff Oleg Podkolzin or Royal Sun Insurers to remove the case to the United States District Court for the Eastern District of New York.  (*Id*., Ex. E.)  Pursuant to that order and the bankruptcy court's instructions at oral arguments, plaintiffs filed a notice to remove their suit to this court, and now seek to remand the case back to the Kings County Supreme Court.  The parties have fully briefed the issue and the court held oral arguments on December 11, 2008.

**II.     Discussion**

Plaintiffs argue that under 28 U.S.C. § 1334(c)(2), the court is required to remand the case under the doctrine of mandatory abstention.[3]  Alternatively, plaintiffs urge the court to remand as a matter of discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1).  Defendants Amboy and Vincent Paladino oppose the motion on two grounds.  First they argue that Section 157(b)(5) requires this court to try the case.[4]  Second, defendants argue that plaintiffs have agreed to have the suit tried before this court because they participated in the CPP.  The CPP has a forum-selection clause, which according to defendants, requires this court to try the case.

---

[3] This argument lacks merit.  Mandatory abstention pursuant to Section 1334(c)(2) does not apply to personal-injury suits such as the one here.  *See In re Pan American Corp.*, 950 F.2d 839, 845 (2d Cir. 1991).  Section 157(b)(4) explicitly carves out an exception to Section 1334(c)(2) by providing that "[n]on-core proceedings under section 157(b)(2)(B) of title 28, United State Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)."  Section 157(b)(2)(B) explains that such "non-core proceedings" include "unliquidated personal injury tort[s]" against the bankrupt estate.

[4] This argument is baseless.  It is well-established that although the language of Section 157(b)(5) appears to be mandatory, district courts nonetheless have discretion to abstain from hearing a personal-injury case that was filed in state court.  *See In re Pan American Corp.*, 950 F.2d at 844 ("Despite the apparently mandatory 'shall order', section 157(b)(5) has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending.")

As a threshold matter, the motion for remand is not properly before the court. According to the CPP, the bankruptcy court must decide which court will try the case. The bankruptcy court approved the CPP, and it binds the debtors as well as all participants, which includes plaintiffs. Moreover, even if the bankruptcy court had decided that the case belongs in a federal court, which it explicitly did not, under Section 157(b)(5), only the United States District Court of the Southern District may assign the case to this venue. That did not occur here.

### a. The Procedural Errors

Paragraph d. of the CPP and Section 157(b)(5) establish the two procedural requirements that must be followed before the case can reach this court. First, Paragraph d. provides that if the mediation fails and plaintiffs decide to take their claims to trial, "the Bankruptcy Court *shall* determine the court in which the Disputed Claim shall be decided." (Doc. 4, Ex. C at 6 ¶ d.) (emphasis added.) This means that the bankruptcy court must decide whether the case should be tried in a state or federal court. Second, if the bankruptcy court decides that the personal-injury suit should be tried in a federal court, then it is left up to "the district court in which the bankruptcy is pending" to determine venue, which "shall be . . . the district court in which the bankruptcy case is pending, or . . . the district court in the district in which the claim arose . . . ." 28 U.S.C. § 157(b)(5). Under Section 157(b)(5), a bankruptcy judge does not have the authority to set the venue for where the case will be tried; a district court judge must set the venue. *See In re United States Lines, Inc.*, 216 F.3d 228, 234 (2d Cir. 2000) ("[T]he bankruptcy court lacked the power the set venue under Section 157(b)(5)."); *In re New York Medical Group, P.C.*, 265 B.R. 408, 412 (Bankr. S.D.N.Y. 2001) (citation omitted) ("The bankruptcy court cannot exercise the authority granted to the district court under § 157(b)(5)."); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 708 (D.Del. 2006) (explaining that under Section 157(b)(5), the district court, and

not the bankruptcy court, has the sole authority to determine the venue for the personal-injury action).

Here, the bankruptcy court did not follow either requirement. First, the bankruptcy judge did not make the initial determination as to whether the case should be left in the Kings County Supreme Court. Instead, it decided that:

> You know what, I think that what I should do is actually transfer to the District Court [for the Eastern District of New York] and let the District Court made the determination as to whether it wishes to transfer it to the State Court. . . . I think that it is really not for me to decide whether the District Court would like to hear this personal injury matter or whether it feels that it would be better to put it over to the State Court.

(Doc. 4, Ex. D at 36:10-23.) It is unclear why the bankruptcy court refrained from deciding the abstention issue in this instance. It certainly has the authority,[5] and has exercised such authority in the past in this matter. (*See*, *e.g.*, Sept. 15, 2004 Order Permitting Action to Proceed in New York Supreme Court, New York County, 02-42560, (Doc. 1132); *see also* Dec. 11, 2008 Oral Argument Transcript ("Tr.") at 8:9-11, 10:8-12).

Second, even assuming that the bankruptcy court did decide that this case should proceed in a federal court, it failed to follow the instructions of Section 157(b)(5). In this instance, "the district court in which the bankruptcy is pending" is the United States District Court for the Southern District of New York. Thus, the bankruptcy court must refer the case to that court to assign the venue. *See Murray v. Pan Am. World Airways, Inc.*, 16 F.3d 513, 516 (2d Cir. 1994) (stating that a "transfer motion [under Section 157(b)(5)] should be made to the district court in the district where the bankruptcy is proceeding."). Instead, the bankruptcy court entered an order, purportedly "pursuant to" Section 157(b)(5) and Paragraph d. of the CPP, permitting defendant

---

[5] Under 28 U.S.C. §§ 1334(c) and 1452(b), and the Federal Bankruptcy Rules of Procedure, a bankruptcy court has the authority to enter final orders regarding abstention and remand issues. *See In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002); *Scherer v. Carroll*, 150 B.R. 549, 552 (D.Vt. 1992).

5

Oleg Podkolzin to remove the case to the United States District Court for the Eastern District of New York. (Doc. 4, Ex. E.)

As the district court in the district in which the claim arose, this court certainly could have been the proper final destination for the case. The road by which the case reached the court, however, is incorrect. As such, the court transfers the case back to the bankruptcy court to decide whether the case should proceed in a federal court. If the bankruptcy court determines that the case should be in a federal court, it must send it to the United States District Court for the Southern District of New York, where the bankruptcy is pending.

### b. Abstention

Although the instant issue is for the bankruptcy court to decide, the court, having carefully reviewed the submissions, case law, and oral arguments, would exercise discretionary abstention under Section 1334(c)(1) if it was the proper court to do so.[6] Section 1334(c)(1) reads:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court, in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). In order to supplement the nebulous guidance of Section 1334(c)(1), courts have often applied a twelve-factor test, or some variation of it, in order to decide whether to abstain from hearing a lawsuit related to a bankruptcy. *See*, *e.g.*, *In re Bay Point Assocs.*, 07-CV-1492, 2008 WL 822122, at *2-3 (E.D.N.Y. Mar. 19, 2008); *In re Baker*, 374 B.R. 498, 505

---

[6] The court finds that the proper forum for this personal-injury matter is state court. However, should the District Court for the Southern District of New York transfer the case back to this court, the court would not remand it back to state court under 28 U.S.C. § 1452(b). Paragraph d. of the CPP is a forum-selection clause. By participating in the CPP, plaintiffs have agreed to prosecute their case "in the court determined by the bankruptcy court." (Doc. 4, Ex. C. at 6 ¶ d.); *see also Winstar Holdings, LLC v. Blackstone Group L.P.*, 07 Civ. 4634, 2007 WL 4323003, at *6 (S.D.N.Y. Dec. 10, 2007) (finding that the existence of a forum-selection clause to be the most significant consideration in an abstention analysis). Permitting plaintiffs to avoid the obligations of the CPP after they availed themselves of its benefits would not be "in the interest of justice" or "equitable." 28 U.S.C. §§ 1334(c)(1) and 1452(b).

(E.D.N.Y. 2007); *In re Twin Labs. Inc.*, 300 B.R. 836, 841 (S.D.N.Y. 2003). The twelve factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*See In re Twin Labs. Inc.*, 300 B.R. at 841. Not all of these factors are necessarily applicable, and the court also looks at comity as well as other equitable considerations.

These considerations heavily favor abstention. Factors one, two, four, five, six, seven, eight, ten, and twelve favor abstention. It is undisputed that the underlying personal-injury suit is governed exclusively by state law and trying the case in state court would have no impact on the restructuring. (Tr. at 17:3-6, 23:11-17, Pls.' Reply Affirmation ("Doc. 9") at ¶ 10.) The parties agree that there is no jurisdictional basis for this suit to remain in federal court if not for the bankruptcy. (Tr. at 28, Doc. 9 at ¶ 10.) The defendants' desire to have the case tried in federal court is motivated, at least in part, by forum shopping. Defendants made it clear at the oral arguments that one of the reasons why they want the case tried in a federal court is to take advantage of the additional expert discovery permitted here but not in a state court. (Tr. 25:5-9.) Defendant Paladino is not a debtor. Plaintiffs' claims can be timely adjudicated in a state court, and defendants concede that the length of the proceedings would be about the same in a state or federal court. (Tr. 25:15-26:11.) With respect to comity, the parties are all New York residents,

7

and New York certainly has an important interest in implementing its tort laws. *Abbatiello v. Monsanto CO.*, 06 Civ. 266, 2007 WL 747804, at *5 (S.D.N.Y. Mar. 8, 2007) (citations omitted).

In examining this issue, the court is cognizant of the legislative presumption in favor of removing personal-injury cases related to a bankruptcy to a federal court. *In re Pan American Corp.*, 950 F.2d at 844-45. The reason for that presumption is to "centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of the bankruptcy case." *Id*. (citations and internal quotation marks omitted). In short, the purpose for Section 157(b)(5) is to eliminate "confusion, delay, and inefficiencies" associated with the bankruptcy process. *Id*. (citations omitted).

That rationale does not apply here because, as defendants have conceded, trying the case in the Kings County Supreme Court would not impact the restructuring. (Tr. at 17:3-6.) In fact, the lawsuit has little, if any effect on the debtors because under the CPP, Royal Sun Insurers will cover any damages that plaintiffs may recover and are defending the suit on the debtors' behalf. (*Id*. 21:7-22:4.) Defendants have assured the court that Royal Sun Insurers have paid all judgments rendered on prior claims and there is "no indication that [Royal Sun Insurers] are not going to pay this if a judgment is rendered against the defendants." (*Id*. 22:1-4.) Furthermore, plaintiffs are willing to stipulate that they will only seek to recover from Royal Sun Insurers and not defendants. (*Id*. 23:4-7.) Moreover, the bankruptcy court apparently has little difficulty with having lawsuits proceed against the debtors in multiple forums because it previously permitted certain cases to proceed in a state court while removing others to a federal court. Under these circumstances, the court is satisfied that the considerations favoring abstention outweigh the legislative presumption to try such cases in a federal court. This decision, however, is one left for the bankruptcy court as required by Paragraph d. of the CPP.

**III.    Conclusion**

For the reasons set forth above, plaintiffs' motion is denied.  This case is transferred to the United States Bankruptcy Court for the Southern District of New York to determine whether abstention is appropriate.  Should the bankruptcy court decide to remove the case to a federal court, the court respectfully requests that it transfers the case to the United State District Court for the Southern District of New York to establish the venue pursuant to Section 157(b)(5).

SO ORDERED.

Dated: Brooklyn, New York
       March 13, 2009

                                                                         _____/s/_____
                                                                               DORA L. IRIZARRY
                                                                       United States District Judge